**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No.94-20827
Summary Calendar

JAMES GOUDEAU,

Plaintiff-Appellant,

versus

CITY OF TOMBALL, TEXAS, ET AL.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

(92 CV 1497)

( September 5, 1995)

Before POLITZ, Chief Judge, SMITH and WIENER, Circuit Judges.

POLITZ, Chief Judge:[*]

James Goudeau appeals the district court's entry of summary judgment in favor of the City of Tomball, Don Taylor, Joe Schultea, David Woods, and Slim Plagens, on his claim of retaliatory discharge in violation of his first amendment rights. We affirm.

---

Local rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

## Background

In 1989, the Harris County, Texas, District Attorney investigated allegations that Taylor, City Manager of Tomball, Texas, had misappropriated city chemicals for use in cleaning his pool. As part of that investigation the district attorney's office secured an affidavit from Goudeau, Tomball's Assistant Public Works Director, who had participated in the cleaning of Taylor's pool. Goudeau later spoke with Taylor and, based upon remarks by Taylor concerning the investigation, concluded that Taylor had read his affidavit. In May of 1990 the grand jury no-billed Taylor on the misappropriation charges and the investigation ended.

In May of 1990 Tomball's mayor, Bill Webb, ordered an independent audit of the city's Public Works Department. The audit revealed that Ready-Go Construction, a company owned by Goudeau's brother Robert, had submitted 14 invoices totaling over $51,000 for work performed on the City Service Center. As the Assistant Director of Public Works, and later as the Acting Director of Public Works, Goudeau approved many of the Ready-Go invoices submitted by his brother. Although Goudeau was aware that Texas law requires competitive bidding on municipal projects of $5000 or more,[1] he never inquired into Ready-Go's failure to bid on the renovation projects, simply approving the invoices, most of which were for amounts just under the $5000 limit for no-bid projects.[2]

---

See Tex. Loc. Gov't Code Ann. §252.021 (West 1988).

Of the 14 invoices, ten were for amounts just under $5000 while four were for amounts just over $5000.

2

Goudeau also "moonlighted" for Ready-Go on the same city projects for which he approved invoices.

Suspecting an attempt to circumvent the state's competitive bidding laws, the mayor ordered Schultea, Tomball's Police Chief, to investigate the city's business with Ready-Go. Taylor suspended Goudeau with pay on August 6, 1990, pending the results of Schultea's investigation. Schultea thereafter attempted to get a statement from Goudeau in his capacity as Public Works Director, but Goudeau would not cooperate, advising that he was looking for an attorney. On October 10, 1990, Taylor terminated Goudeau's employment citing his failure to cooperate with Schultea's investigation, his performance of work for Ready-Go while employed by the city without prior city authorization, and his approval of invoices for Ready-Go without informing the city that his brother owned the company.

Goudeau filed the instant suit under 42 U.S.C. §1983 alleging that the City of Tomball, Taylor, and various other city officials terminated him in retaliation for his participation in the investigation into Taylor's misappropriation of city chemicals, thereby violating his first amendment rights. Goudeau also asserted violations of due process, various state constitutional tort claims, and common law claims of defamation and intentional infliction of emotional distress. The district court entered summary judgment for all defendants on all claims. Goudeau timely appealed only the disposition of his first amendment retaliation

claim.[3]

## Analysis

We review the district court's entry of summary judgment de novo. "Summary judgment is proper when no issue of material fact exists and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was proper, all fact questions are viewed in the light most favorable to the non-movant."[4]

Goudeau challenges the district court's conclusion that he failed to provide sufficient summary judgment evidence that the City of Tomball, through Taylor, fired him in retaliation for his participation in the investigation of Taylor. We first note that although Goudeau names defendants Plagens, Woods, and Schultea in his notice of appeal, he makes no arguments in his brief implicating those defendants. His claims on appeal against those defendants are therefore waived.[5]

To establish a claim of retaliatory discharge in violation of the first amendment against Taylor and the City of Tomball, Goudeau

---

The defendants contend that Goudeau's appeal should be dismissed for failure to file a notice of appeal within thirty days. See Fed.R.App.P. 4(a). Although Goudeau filed his appeal thirty-one days after entry of summary judgment, he did so in accordance with Fed.R.App.P. 26 which extends the time for filing a notice of appeal when the thirtieth day falls on a Sunday, as it did in this case. See Fed.R.App.P. 26(a).

**Moore v. Eli Lilly & Co.**, 990 F.2d 812, 815 (5th Cir.), **cert. denied**, 114 S.Ct. 467 (1993).

See **Atwood v. Union Carbide Corp.**, 847 F.2d 278, 280 (5th Cir. 1988)("[I]ssues not briefed, or set forth in the list of issues presented, are waived."), **cert. denied**, 489 U.S. 1079 (1989).

4

must provide evidence that his protected conduct was a motivating factor in Taylor's decision to terminate his employment.[6]  Goudeau points to evidence that he gave an affidavit during the investigation of Taylor, that based on a conversation with Taylor he believed that Taylor knew the contents of his affidavit, and that ten months later he was fired by Taylor.  Goudeau contends that this evidence raises the "possibility" that his termination was motivated by his participation in the Taylor investigation and that his claim should therefore survive summary judgment.  Even if we accept as true Goudeau's allegation that Taylor knew the content of his affidavit, a proposition which Taylor denies, we cannot accept Goudeau's conclusion that summary judgment was improper.

To survive summary judgment on a retaliatory discharge claim, a plaintiff must produce specific support for his allegations of an unconstitutional motive.[7]  Goudeau simply fails to provide either direct or circumstantial evidence connecting his discharge to his participation in the Taylor investigation.  We first note that the mere fact that Goudeau's protected activity preceded Taylor's decision to terminate his employment does not create an inference

---

**Coughlin v. Lee**, 946 F.2d 1152 (5th Cir. 1991). The defendants do not dispute that Goudeau has provided sufficient evidence on the first two prongs of his prima facie case, namely that 1) he participated in a protected from of speech and 2) that his interest in participating in that speech outweighed his supervisors' interest in promoting efficiency in public service.

**Tompkins v. Vickers**, 26 F.3d 603, 608 (5th Cir. 1994)("At the summary judgment stage, Tompkins cannot rely on allegations; he must produce specific support for his claim of unconstitutional motive.").

that the activity motivated the decision.[8]

The record also reflects that Taylor never exhibited any animosity towards Goudeau that might support an inference that he harbored resentment over Goudeau's participation in the investigation. Instead, Taylor promoted Goudeau, recommended him for other jobs, and supported him when questions regarding his brother's work for the city first surfaced.[9] Moreover, the other city employees who participated in the Taylor investigation suffered no adverse consequences at Taylor's hand, further negating any causal connection between the investigation and Goudeau's discharge.[10]

Finally, Goudeau offers no explanation why Taylor would retaliate against him. Goudeau admits that prior to his discharge

---

See **O'Conner v. Chicago Transit Authority**, 985 F.2d 1362 (7th Cir. 1993), petition for cert. filed, _____ U.S.L.W. _____ (U.S. July 12, 1993) (No. 93-5212).

See **Neubauer v. City of McAllen, Tex.**, 766 F.2d 1567 (5th Cir. 1985)(noting that plaintiff failed to provide direct or circumstantial evidence of animosity on the part of employer towards participants in the activity). Goudeau alleges that their previously close personal friendship cooled during the investigation into the use of the city chemicals. Taylor contends that he was instructed by his counsel to refrain from close personal relationships with those city employees involved in the investigation to avoid the appearance that he was trying to influence the investigation. Cf. **Enplaner, Inc. v. Marsh**, 11 F.3d 1284, 1296 (5th Cir.)(holding decreased communications with plaintiff due to attorney's instructions to avoid contact not to support inference of retaliation), **cert. denied**, 115 S.Ct. 312 (1994). Goudeau does not challenge this explanation.

**Gonzales v. Galveston Indep. Sch. Dist.**, 865 F.Supp. 1241 (S.D.Tex. 1994)(finding claim of retaliation meritless when discharge was remote in time from protected activity and other participating employees suffered no consequences). Over ten months passed between Goudeau's participation in the investigation and his discharge.

6

he was a friend and supporter of Taylor and that he believed all along that the charges against Taylor were politically motivated. As noted above, Taylor ultimately was no-billed by the grand jury on all charges of wrongdoing. Manifestly, nothing in Goudeau's affidavit could be construed as damaging to Taylor. Absent other evidence, it is clear that "any assertion that [Taylor's] actions . . . were retaliatory can only be speculation."[11]

Goudeau attempts to demonstrate that his participation in the Taylor investigation was a motivating factor in his discharge by showing Taylor's articulated reasons for the discharge to be pretextual. Although he admits that the stated bases for his discharge would be adequate grounds to terminate an employee, he suggests that disposition should not apply to him because his relationship to his brother was known to city employees and his performance of work for Ready-Go and his approval of its invoices were ratified by Taylor. Goudeau offers no summary judgment evidence, however, that Taylor knew that Robert owned Ready-Go or knew of the extent of Goudeau's personal involvement with Ready-Go, including his working for Ready-Go on city contracts. Finally, the summary judgment evidence supports Taylor's position that at least initially, Goudeau did not cooperate with Schultea's investigation of the Public Works Department.

We conclude that Goudeau failed to provide sufficient summary judgment evidence to support an inference that his discharge was

---

**Enplaner**, 11 F.3d at 1296 (quoting **Bowles v. U.S.Army Corps of Engineers**, 841 F.2d 112, 117 (5th Cir.), **cert. denied**, 488 U.S. 803 (1988)).

based on an unconstitutional motive.  Accordingly, the judgment of the district court is AFFIRMED.